UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA, EX REL. SHARON DILL** and **CHRISTINA SIEVERT**, <br><br> Plaintiffs, <br><br> v. <br><br> **FLORIDA CANCER SPECIALISTS, P.L.**, a Florida professional limited liability company, **DR. WILLIAM N. HARWIN**, an individual, **21st CENTURY ONCOLOGY, LLC**, a Florida limited liability company, **DR. DANIEL DOSORETZ**, an individual, and several unknown physicians, <br><br> Defendants. | CIVIL ACTION <br><br> Case No.  2:16-cv-87 <br><br> Judge: Steven D. Merryday <br><br> Mag. Judge:  Mac R. McCoy |

## RELATORS' MOTION TO REOPEN UNDER RULE 60(B)(6)

NOW COME the Relators, by and through undersigned counsel, and respectfully submit this Motion to Reopen Under Rule 60(b)(6), and state as follows:

1. This *qui tam* action was initiated by the Relators on February 2, 2016. (Doc. 2).

2. Both Relators were former employees of Defendant Florida Cancer Specialists (FCS). (Doc. 2, ¶¶8, 9). The Relators alleged that, through their employment at FCS, they possessed inside knowledge of certain illegal schemes committed by FCS, which consisted of (i) the submission of Medicare/Medicaid claims for services performed by unlicensed medical assistants in violation of Florida law, and (ii) the submission of Medicare/Medicaid claims for medically unnecessary drugs and fraudulent diagnoses of "chronic kidney disease." These allegations were fleshed out in the Relators' Complaint and in the Disclosure Statement submitted to the United States.

3. Shortly after filing this action, the Relators met with AUSA Kyle Cohen, Esq. for a Relator Interview. During that interview, the Relators disclosed to the Government for the first time that an antitrust scheme existed between FCS and another well-known oncology practice, which involved illegal monopolies and kickbacks in the form of patient trading.

4. On August 25, 2016, the Relators met with AUSA Kyle Cohen, Esq. and DOJ Anti-trust Division attorney Scott Anderson, Esq. During that meeting the Relators again fully disclosed the existence of the anti-trust scheme, as more fully detailed below.

5. On January 4, 2017, the Relators filed an Amended Complaint. (Doc. 12). In the Amended Complaint, the Relators added 21st Century Oncology, LLC (21C) and Dr. Daniel Dosoretz as Defendants because the Relators alleged that they, together with FCS and Dr. William Harwin, engaged in an illegal kickback scheme whereby the two companies and their leaders had a "gentleman's agreement" to carve up the Southwest Florida (SWFL) cancer treatment market, with FCS sending all of its SWFL patients in need of radiation oncology to 21C, and in turn 21C sending all of its SWFL patients in need of medical oncology to FCS. As part of that arrangement, the Relators alleged that FCS would not perform radiation oncology in SWFL and 21C would not perform medical oncology in SWFL. (Doc. 12, ¶¶121-125). The Relators specifically alleged that "FCS and 21C have created an unlawful monopoly because each entity controls the market for a specific product or service, and it has obtained that market power, not because its product or service is superior to others, but by suppressing competition with the anticompetitive conduct described above. (Doc. 12, ¶126). The Relators further alleged "[s]uch a practice is an illegal kickback scheme under the FCA since both parties benefit financially from the anticompetitive agreement described above, in which the trading of Medicare and Medicaid patient referrals in medical oncology (to FCS) and radiation oncology (to 21C) is a key term." (Doc. 12, ¶130). The Relators

also described how the monopoly worked and how the two companies agreed to put a third-party competitor out of business. (Doc. 12, ¶¶134-138).

6. The Relators also provided the United States an Amended Disclosure Statement that disclosed:

- In sum, these entities have created an unlawful monopoly because each entity controls the market for a specific product or service, and it has obtained that market power, not because its product or service is superior to others, but by suppressing competition with the anticompetitive conduct described above.

- Not only is the anticompetitive structure of the agreement violative of the antitrust laws, but 21st Century Oncology and FCS further agreed to an illegal referral scheme whereby 21st Century would exclusively refer its medical oncology patients to FCS and, in return, FCS would refer its radiation oncology patients exclusively to 21st Century.

- Such a practice should properly be viewed as an illegal kickback scheme under the FCA since both parties benefit financially from the anticompetitive agreement described above, in which the trading of Medicare and Medicaid patient referrals in medical oncology (to FCS) and radiation oncology (to 21st Century) is a key term.

- And because 21st Century and FCS have illegally [divided] the market, patients in Southwest Florida have but one option for medical oncology (FCS) or radiation oncology (21st Century).

- However, due to the monopoly created by the agreement between 21st Century and FCS, Premiere Oncology struggled due to a lack of patients. However, in order to eliminate *any* competition, 21st Century and FCS entered into an agreement whereby 21st Century would purchase *only* Premiere Oncology's radiation oncology practice and FCS would *only* purchase Premiere Oncology's medical oncology practice. This agreement was carried out as FCS *only* bought Premiere Oncology's medical oncology practice and shortly thereafter, or concurrently, 21st Century *only* bought Premiere Oncology's radiation oncology practice.

- Relator Dill and Relator Sievert were privy to conversations within FCS regarding the agreement between Defendant Harwin (on behalf of FCS) and Dosoretz (on behalf of 21st Century) as to how Premiere Oncology was to be carved up between the two entities.

7. On May 22, 2017, the United States declined to intervene. (Doc. 23).

3

8. This action was unsealed on May 31, 2017. (Doc. 24). The Relators then litigated the case on their own before settling their employment-related claims during a mediation on October 4, 2017. (Doc. 38). While the Relators' employment claims were settled and dismissed with prejudice, the United States insisted that the *qui tam* claims only be dismissed *without* prejudice as to the United States. (*See* Docs. 39-41).

9. Fast-forward nearly 3-years. On April 30, 2020, the United States issued a press release announcing a $100 million recovery from FCS because it alleged:

> FCS participated in a criminal antitrust conspiracy with a competing oncology group in Collier, Lee, and Charlotte counties (Southwest Florida). FCS and its co-conspirators agreed not to compete to provide chemotherapy and radiation treatments to cancer patients in Southwest Florida. Beginning as early as 1999 and continuing until at least 2016, FCS entered into an illegal agreement that allocated chemotherapy treatments to FCS and radiation treatments to a competing oncology group.
>
> … The Antitrust Division also announced a deferred prosecution agreement (DPA) resolving the charge against FCS, under which the company admitted to conspiring to allocate chemotherapy and radiation treatments for cancer patients. FCS has agreed to pay a $100 million criminal penalty —the statutory maximum— and to cooperate fully with the Antitrust Division's ongoing investigation.

*See* Case No. 2:20-cr-078.

10. As a result of the Relators' *qui tam* allegations, the Government will benefit to the tune of $100 million, while seemingly escaping its obligation to pay the Relators no less than 15% of that recovery required by the False Claims Act (FCA).

11. As a result, this Motion is brought under Rule 60(b)(6) to reopen this case to allow the Relators to enforce payment of the Relators' share pursuant to the FCA's "alternate remedy" provision.

## MEMORANDUM OF LAW

Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any [ ] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This Rule has been recognized as a proper basis for relief under the FCA's "alternate remedy" provision, 31 U.S.C. § 3730(c)(5), which allows a relator to share in the Government's recovery in a related *qui tam* action under certain circumstances. *See U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 337 Fed. App'x 379, 380 (5th Cir. 2009); *United States ex rel. LaCorte v. Wagner*, 185 F.3d 188, 191 (4th Cir. 1999) ("If the relator believes that the Government acted improperly in procuring a settlement, then he may return to the court which had jurisdiction over the settlement and move to reopen the judgment under Fed. R. Civ. P. 60(b)(6).").

The FCA's "alternate remedy" provision provides in relevant part:

> [T]he Government may elect to pursue its claim through any alternate remedy available to the Government, including any administrative proceeding to determine a civil money penalty. If any such alternate remedy is pursued in another proceeding, the person initiating the action shall have the same rights in such proceeding as such person would have had if the action had continued under this section.

31 U.S.C. § 3730(c)(5). In order to recover under this provision, the original relator must prove that her *qui tam* allegations "overlap" with the allegations that led to the recovery she wants to share. *United States ex rel. Bledsoe v. Community Health Sys.*, 342 F.3d 634, 651 (6th Cir. 2003). The original relator must also prove that she is the "original source" of the information in the related proceeding, meaning that she "has direct and independent knowledge of the information" on which the allegations in the related proceeding are based. 31 U.S.C. § 3730(e)(4)(B); *Rockwell Intern Corp. v. United States*, 549 U.S. 457, 463-64, 127 S. Ct. 1397, 167 L. Ed. 2d 190. Finally, the original relator must "provide [ ] concrete evidence that [s]he apprised the government" of the

violations in the related proceeding, and that she did so before that information became publicly disclosed. *Bledsoe*, 342 F.3d at 646, 651.

Based on the foregoing, the Relators respectfully submit that there is good cause to reopen this matter. The Relators have moved swiftly to file this Motion, and have done so promptly upon learning of the Government's $100 million settlement from what are virtually identical claims made by the Relators in this *qui tam* action. As the plain language of § 3730(c)(5) makes clear, if the Government pursues an alternate remedy in another proceeding, the *qui tam* relator has the "same rights" in that proceeding as she would have if the action had continued under the FCA. If this matter is not reopened, the Relators will be unjustly barred from enforcing those rights. Consequently, the Relators respectfully submit that good cause has been demonstrated to reopen this matter to allow the Relators to pursue their rights under § 3730(c)(5).

WHEREFORE the Relators respectfully request that the Court GRANT this Motion, reopen this matter and establish a briefing schedule, and award all other relief deemed just and equitable.

                                    Respectfully submitted,

Dated: June 10, 2020           **/s/ Benjamin H. Yormak**
                                  Benjamin H. Yormak
                                  Florida Bar Number 71272
                                  Trial Counsel for Plaintiffs/Relators
                                  YORMAK EMPLOYMENT & DISABILITY LAW
                                  9990 Coconut Road
                                  Bonita Springs, Florida 34135
                                  Telephone: (239) 985-9691
                                  Fax: (239) 288-2534
                                  Email: byormak@yormaklaw.com

**L.R. 3.01(g) Statement**

Undersigned counsel conferred with counsel for the Government, who indicated the Government opposes the relief sought herein. Undersigned counsel also conferred with counsel for Defendants FCS and Harwin, who indicated those Defendants do not take a position as to the relief sought herein but reserve their right to oppose such relief, if they deem appropriate.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

21st Century Oncology, LLC
c/o Ms. Kimberly J. Commins-Tzoumakas
Hall, Render, Killian, Heath & Lyman, PLLC
201 W. Big Beaver Road, Suite 1200
Columbia Center
Troy, MI 48084

Dr. Daniel Dosoretz
13221 Ponderosa Way
Fort Myers, Florida 33907

                                                **s/ Benjamin H. Yormak**
                                                Benjamin H. Yormak